FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JUL 1 2008
Jul 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TERRANCE THORNTON,
         Petitioner,

v.

UNITED STATES OF AMERICA,
         Respondent.

Crim. No. 03 CR 482

08CV3758
JUDGE ZAGEL
MAGISTRATE JUDGE SCHENKIER

## MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255

Comes Now the Petitioner Terrance Thornton, proceeding pro se, and respectfully submits this motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In support of this motion petitioner states as follows:

### STATEMENT OF THE CASE

Petitioner was charged with a two-count indictment. Count One alleged that petitioner possessed a firearm after previously being convicted of a felony in violation of 18 U.S.C. § 922(g). The Second count alleged that petitioner possessed a firearm with an altered or obliterated serial number in violation of 18 U.S.C. § 922(k).

Petitioner proceeded to jury trial where, on October 7, 2004, he was found guilty of both counts. The district court ordered the probation office to prepare a Presentence Investigation Report ("PSR").

-1-

Petitioner was sentenced as an Armed Career Criminal on February 10, 2005. The PSR concluded that petitioner had previously been convicted of three or more violent felonies and therefore his statutory rante was determined by 18 U.S.C. § 924(e). The district court accepted these findings sentencing petitioner to 252 months imprisonment as an Armed Career Criminal.

On Appeal petitioner challenged both the conviction and sentence. Specifically, petitioner argued that: (1) the district court erred in denying the suppression motion; (2) there was insufficient evidence on Count Two; (3) the possession jury instruction was erroneous; (4) the district court erred in not allowing petitioner to admit relevant evidence; and (5) the sentence was not properly calculated. **See United States v. Thornton, Brief of Appellant, No. 05-1465, at 2.**

On September 12, 2006, the Seventh Circuit Court of Appeals affirmed both the conviction and sentence. **See United States v. Thornton,    F.3d    (7th Cir. 2006).**

Petitioner filed for a writ of certiorari to the Supreme Court. But on June 29, 2007, the Court denied the petition for a writ of certiorari. Thus, petitioner's conviction became final on that date.

## ARGUMENT

**I.    Petitioner's trial attorney committed ineffective assistance of counsel in violation of the Sixth Amendment.**

To obtain relief under 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel, a petitioner must establish:

-2-

(1) that his lawyer's performance was deficient as compared to an
objective standard of reasonableness; and (2) that there is a
reasonable probability that the lawyer's errors prejudiced the
outcome of the proceedings against him.  **Strickland v. Washington,**
**466 U.S. 668, 687-694 (1984).**

With regard to pretrial advice, the Seventh Circuit has
spelled out the specific criteria that constitute proper assistance
under th Sixth Amendment.  A reasonably competent attorney must
attempt to learn all the facts of the case, make an estimate of
possible sentencing exposures and then communicate that analysis
before the client makes a decision on whether to plead guilty or
proceed to trial.  **See Betkel v. United States, 458 F.2d 711, 717**
**(7th Cir. 2006).**  Although the attorney need not be completely
correct in its prediction, if the attorney issues a gross mischar-
acterization of sentencing exposure that is often the sign of
constitutionally inadequate performance on the part of counsel.
**See United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999).**
To meet the prejudice prong a defendant must only show a reasonable
probability that without counsel's erroneous advice he would have
not proceeded to trial.  **See Julian v. Bartley, 495 F.3d 487, 498**
**(7th Cir. 2007).**

A:   Deficient Performance

An attorney's ignorance of relevant law in regard to his
client's case will affect a court's ineffective assistance of
counsel analysis.  An attorney's demonstrated ignorance of law
directily relevant to a decision will eliminate **Strickland's**

-3-

presumption that the decision was objectively reasonable because it might have been made for strategic purposes, and it will often prevent the government from claiming that the attorney made an adequately informed strategic choice.  **See e.g., Williams v. Taylor, 529 U.S. 362, 395 (2000)**(observing that attorney's failure to conduct investigation could not be considered strategic where counsel "incorrectly thought that state law barred access to those records."); **Pavel v. Hollins, 261 F.3d 210, 218 n. 11 (2nd Cir. 2001)**(collecting cases and discussing how decisions made in ignorance of relevant facts and law can never be considered strategic).

In many cases, a lawyer's unawareness of relevant law will also result in a finding that counsel performed in an objectively deficient manner.  **See e.g., Kimmelman v. Morrison, 477 U.S. 365, 385-86 (1986)**(explaining that counsel's failure to conduct pretrial discovery was objectively unreasonable because counsel had a "startling ignorance of the law"); **Magana v. Hofbrauer, 263 F.3d 542, 550 (6th Cir. 2001)**("Counsel's complete ignorance of relevant law under which his client was charged... certainly fell below an objective standard of reasonableness under prevailing norms").

In this case, trial counsel's unawareness of relevant law resulted in two instances of deficient performance.  First, counsel told petitioner that if he proceeded to trial on the firearm counts and lost, petitioner would only face a statutory sentencing range of zero to ten years.  Second, during trial, counsel had a golden opportunity to present evidence beneficial to the defense but

counsel did not present the evidence under the appropriate Rules of Evidence.   Both of these instances resulted from ignorance of relevant law and facts.

### (1).   Counsel's pretrial advice was unreasonable.

Prior to trial, counsel met with petitioner to discuss the options of whether to negotiate a plea or proceed to trial. Counsel first told petitioner that he had a good possibility of winning an acquittal since no one actually witnessed him possessing the firearm.   Counsel also told petitioner that if he did lose at trial, petitioner would face zero to ten years under the felon in possession statute.   Based upon this advice petitioner decided to proceed to trial rather than negotiate a plea.   This advice was erroneous for a number of reasons.

First, counsel's advice that petitioner had a good chance of beating the charges because no one witnessed his possession of firearms was incorrect.   The Seventh Circuit has long held that circumstantial evidence can support a felon in possession of a firearm charge.   **See United States v. Tylkowski, 9 F.3d 1255, 1260-61 (7th Cir. 1993).**   Moreover, it has long been held that possession may be constructive as well as joint possession.   **See United States v. Kitchen, 57 F.3d 516, 521 (7th Cir. 1995).** Finally, the chances of petitioner prevailing at trial were not good, given that he made a statement to law enforcement suggesting he had been a passenger in the SUV, the subsequent discovery of a firearm in the SUV, and the later finding that his finger print

was on one of the firearm magazines in the SUV. With this know-
ledge in hand it was unreasonable for counsel to advise petitioner
to proceed to trial.

Second, counsel was mistaken on the sentencing exposure
petitioner faced if he lost at trial. Due to petitioner's prior
felony convictions he faced sentencing under the Armed Career
Criminal Act which imposes a statutory range of fifteen years to
life imprisonment, rather than zero to ten years. See 18 U.S.C.
§922(g), § 922(e). Petitioner also risked losing a three-level
Sentencing Guideline reduction for acceptance of responsibility
when he proceeded to trail versus pleading guilty. Counsel was
therefore wrong in advising petitioner that he only faced up to
ten years and therefore plea negotiations should not be pursued.
Such advice was unreasonable.

                    (2).    Trial counsel's failed attempt to admit
                            evidence was unreasonable.

At trial, counsel attempted to call Officer Hooker and
Mendiola to testify to certain matters which would have benefitted
the defense. Specifically, Officer Hooker would have testified
that the Amaco station worker said other people were in the gas
station. This would have placed doubt on whether it was petitioner
or someone else who possessed the gun in the SUV. Officer Mendiola
would have testified that Darius Hyte telephoned someone and
suggested that there were other passengers in the SUV. The
district court would not allow these officers to testify because
the evidence was not relevant and the Confrontation Clause as

interpreted through **Crawford v. Washington, 158 C.Ed.2d 177 (2004)**, barred its admission. **See Trial Transcripts, at 246-254.** Counsel did not contest the court's ruling.

Counsel's decision to not argue the relevancy of this evidence was deficient performance. As one court has noted, under the Federal Rules of Evidence the "threshold for relevance is quite minimal." **United States v. Holmes, 413 F.3d 770, 773-74 (8th Cir. 2005).** The evidence Officers Hooker and Mendiola provided was relevant background information on whether the police botched the investigation. And the police investigation was vitally important vis-a-vis petitioner's possession of the firearm.

Nor was counsel's decision to not challenge the district court's exclusion of evidence on **Crawford** grounds. The rights contained by the Confrontation Clause are defendant rights which cannot be invoked by the prosecution. **See Lugar v. Edmondson, 457 U.S. 922, 936 (1982)**("most rights secured by Constitution are protected only against infringement by government). In fact, **Crawford** merely held that a trial court cannot determine the reli-ability of hearsay testimonial statements admitted against a defen-dant. Thus, neither the Constitution, nor **Crawford** junked the Rules of Evidence allowing certain hearsay statements to be admitted.

What counsel should have argued was that Officer Hooker and Mendiola's testimony was covered by Federal Rule of Evidence 807. In applying Rule 807, "courts have required that circumstantial guarantees of trustworthiness must be present and that the decla-ration must be offered as evidence of a material fact, be more

-7-

probative of that point than any other evidence the proponet can procure through reasonable efforts, and serve both the general purpose of the Rules of Evidence and the interests of justice." **United States v. Gilbert, 391 F.3d 882, 884 (7th Cir. 2004).** The evidence from Officers Hooker and Mendiola met this criteria.

The evidence was material. The trial evidence suggested that only Hyte and petitioner were present in the Amaco station and therefore only they could have possessed the firearm contained in the SUV. The government argued this very point in closing arguments. Evidence that there were other people at the gas station not seen by law enforcement was vital to establishing reasonable doubts of petitioner's possession.

The evidence must also have contained guarantees of trustworth-iness. The Seventh circuit has identified a list of factors for making this determination including: "the declarant's character for truthfulness and honesty; the voluntariness or spontaneity of the declaration; the relationship of the declarant to the defendant and to the government; the existence of corroborating evidence; the extent to which the declaration reflects the declarant's personal knowledge; the immediacy of the declaration to the event described; whether the declarant ever recanted his story; consistency in the recitation of the statement over time; and the reasons for the declarant's unavailability." **United States v. Bradley, 145 F.3d 809-94 (7th Cir. 1998).**

Here, the declarant Sayeed (the Amaco store clerk) was a regular citizen with no relationship to the petitioner or the government. There was no indication that his statement to Officer

-8-

Mendiola was untruthful and it was based on personal knowledge. Sayeed made the statement to a uniformed police officer and thus he knew the veracity of his statement would be investigated by law enforcement. **See Bradley, 145 F.3d at 895.** Just because the statement was elicited under questioning does not bar its use under the residual hearsay exception. **See Doe v. United States, 976 F.2d 1071, 1079-81 (7th Cir. 1992).** Under the circumstances, there is no reason why Sayeed would fabricate information to Officer Mendiola and the evidence is trustworthy.

The same could be sayd for Hyte's statement to another over a cellular phone in the presence of Officer Hooker. There was no suggestion of the statement's untruthfulness; it was made based on personal knowledge; and it was an excited utterance. Therefore, Hooker's testimony was trustworthy.

Rule 807 requires further that "the statement is more proba-tive  on the point for which it is offered than any other evidence which the propent can procure through reasonable efforts." Sayeed could not be located for trial and Hyte would not testify. Their statements to law enforcement was the most probative evidence that there were other people in the Amaco station and in the SUV.

It is clear that Officer Hooker and Mendiola's testimony was admissible under Rule 807. It is equally clear that counsel's failure to raise this argument constituted deficient performance.

### B:  Prejudice

Had petitioner not received erroneous advice from his attorney he would have entered into plea negotiations and plead guilty.

Petitioner was under the impression that he could win the trial and even if he lost, he would only face up to ten years imprisonment. In actuality petitioner faced an uphill battle to win at trial and faced a sentencing range of 235 to 293 months imprisonment. And this is precisely the "type of information that is likely to impact a plea decision." **Julian, 495 F.3d at 498.**

Had petitioner blindly plead guilty he would have faced substantially less time. With the acceptance of responsiblity reduction petitioner's Guideline sentencing range would have been 168 to 210 months imprisonment. (See Offense level 30, criminal score VI). And petitioner could have received further benefit by a timely plea from the government. The Seventh Circuit has noted that a substantial gap between counsel's erroneous advice and reality constitutes a finding of prejudice. **See Julian, 495 F.3d at 498-500.**

Had counsel gained Officer Hooker and Mendiola's testimony there is a reasonable probability that the result of the trial would have been altered. This evidence was necessary to prove that other individuals were in the Amaco store and thus, other individuals could have possessed the firearm in the SUV because there were other passengers. The evidence would have established reasonable doubt as to whether petitioner was the individual who possessed and fire the weapon from the SUV.

**II.   Sentencing counsel committed ineffective assistance of counsel.**

At sentencing, counsel did not object to the sufficiency of the PSR alleging that petitioner's prior Illinois burglary was

-10-

generic burglary and therefore not a qualifying conviction for
purposes of the Armed Career Criminal Act.  Counsel's failure
to object to the inclusion was unreasonable and it lead to
petitioner's sentencing under the ACCA.

The Supreme Court has spelled out when district courts may
use prior felony convictions as predicates for purposes of the
ACCA.  In **Taylor v. United States, 495 U.S. 575, 600-602 (1990)**,
the Court held that only burglaries meeting the definition of
generic burglary of a structure are ACCA predicate offenses.  In
**Shepard v. United States, 125 S.Ct. 1254, 1263 (2005)**, held that
courts are "limited to examining the statutory definition, charging
document, written plea agreement, transcript of plea colloquy, and
any explicit factual finding made by the trial judge to which the
defendant consented."  **Shepard, 125 S.Ct. at 1257.**  However, such
documents must be conclusive, otherwise a judge finding additional
factual matters behind the conviction violates the Sixth Amendment
jury trial right.  **See United States v. Lewis, 405 F.3d 511, 515
(7th Cir. 2005); United States v. Ngo, 406 F.3d 839-841-843 (7th
Cir. 2005).**

Here, there were no documents conclusively showing that peti-
tioner's prior Illinois burglary involved a structure.  Although
the amended criminal complaint stated that petitioner committed
an unlawful entry into another's building, petitioner never admit-
ted those facts as part of his guilty plea.  Instead, petitioner
plead guilty to simple generic burglary without admitting the fact
of burglary into a structure.

Because the fact of burglary of a structure was not part of
any conclusive record, the district court was required to find
that fact in order to impose the ACCA enhancement.  And becuase
the finding of such fact beyond prior state records of conclusive
significance increased the statutory maximum of the federal offense,
the Sixth Amendment was implicated.  **See Ngo, 406 F.3d at 843.**

The Sixth Amendment bars district courts from making fact-
finding which increases the statutory maximum of the offense.
**See Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v.
Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S.
220 (2005).**  Because the judge's finding-- that petitioner's prior
burglary was of a structure-- increased the statutory penalty from
0 to 10 years to 15 to life, such a finding was to be found by a
jury beyond a reasonable doubt.  **See Apprendi, supra.**  The court
was therefore wrong to sentence petitioner as an Armed Career
Criminal and counsel should have raised a proper objection.

Had counsel raised a proper objection, petitioner's sentence
would have been drastically reduced.  Without the Armed Career
Criminal designation, the most petitioner could have received was
ten years imprisonment.  **See 18 U.S.C. § 922(g) and § 924.**  This
is a difference of approximately 11 years.  Prejudice is estab-
lished and counsel was ineffective.

**III.   Trial counsel was ineffective for not raising a Second
Amendment challenge to the felon in possession of a firearm
statute.**

Counsel did not object to petitioner being unconstitutionally
deprived of his right to bear arms by the felon in possession of

a firearm statute.  Since such activity was protected by the Second Amendment counsel should have raised this challenge and petitioner's charges would have been dropped.  Therefore counsel was ineffective.

## EVIDENTIARY HEARING

Although a district court need not grant an evidentiary hearing in every 28 U.S.C. § 2255 case, one is warranted in this case. Petitioner has alleged facts that, if proven, would entitle him to relief.  **See Storci v. United States, 22 F.3d 766, 768 (7th Cir. 1994).**  Petitioner makes several allegations which occurred off the record (i.e., counsel's pretrial advice), that require a hearing.  Such allegations are not vague, conclusory, or incredible. Rather they are detailed and specific allegations which the Seventh Circuit has said is necessary for the granting of a hearing.  **See Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001).**  As such, a hearing is warranted.

## CONCLUSION

Wherefore, petitioner respectfully requests that this Court grant his motion to vacate pursuant to 28 U.S.C. § 2255.


Date:  6-26-08                          Respectfully submitted,


                                        Terrance Thornton

-13-

## <u>OATH</u>

I do hereby declare, under penalty of perjury, that the above statements are true and correct as to my knowledge and/or beliefs.

DATE 6-26-08

Terrance Thornton