UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

TERRANCE THORNTON,

    Defendant-Petitioner.

No. 08 C 3758
03 CR 482
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Petitioner seeks relief under 28 U.S.C. § 2255. He was convicted of being a felon in possession of a firearm and possession of a firearm with an obliterated serial number and sentenced under the Armed Career Criminal Act. The conviction was affirmed in *United States v. Thornton,* 463 F.3d 693 (7th Cir. 2006). The relevant facts are set out in the opinion on appeal, and I will not reiterate them in detail.

The essence of the case is that, in response to a report of shots fired from a gray SUV with maybe two passengers (the shot possibly made out of a passenger side window), several officers began looking for the SUV. The officers located a gray SUV parked at a gas station and saw the driver exit the vehicle and head for the stations' convenience store. The officers, on nearing, found the engine and lights on, but the SUV was unoccupied. Two men, the driver and Thornton, were seen in the store and walked out as the officers left their cars. One officer asked Thornton if he was the driver. He said no, that his girl was driving. Thornton surrendered his driver's license on request which led to the discovery of a warrant against him which led to his arrest a little later. The officers looked inside the SUV, finding a black handgun and a box of ammunition on the passenger side floorboard along with a cell phone on the passenger front

console. The black semi-automatic pistol had its serial number scratched off. At the scene of the shooting (2.7 miles away), officers recovered three shell casings with the same identifying marks as the cartridges found in the SUV. Forensics showed the casings had been fired from the handgun in the car. And Thornton's fingerprint was found on one of the magazines found in the car. There was no gunshot residue on Thornton's clothes, but Thornton's expert said that it would be less likely that residue would be left if the weapon was fired outside a car window. Thornton offered a friend to testify that she was with him that night (until ten p.m.) and did not see him with a gun.

Thornton attacks both conviction and sentence on the grounds of ineffective assistance of counsel.

First, Petitioner says his lawyer told him he had a good chance of being acquitted at trial. In context, this is not unreasonable advice–there were not fingerprints on the firearm or testimony that someone saw him with the weapon or gunshot residue. And, even if it were bad advice as opposed to an honest mistake, there is nothing to back up Petitioner's assertion that he would have gotten a plea agreement. He does not say he rejected an offer. He could have entered a blind plea, but he still would have been stuck with an ACCA sentence. There is no showing of prejudice. And there is no cause. I heard the trial, and defense counsel was correct. I believed as I submitted the case to the jury that there was a good chance of acquittal.

Second, Thornton was told only that the maximum sentence for the felon in possession statute was ten years which is true, but then he got caught by the harsher sentences under the ACCA. Failure to predict the applicability of the ACCA is not a basis for finding counsel ineffective because it is a tricky law. *United States v. Barnes,* 83 F.3d 934 (7th Cir. 1996).

Thornton does not allege that his lawyer failed to investigate the question of ACCA; his claim is only that it turned out to have applied and his lawyer did not predict this which, under *Barnes,* is not enough.

Third, Petitioner says his lawyer did a bad job of attempting to get certain evidence in; evidence I excluded because it was both hearsay and irrelevant. The evidence was properly excluded as the Court of Appeals held and defense counsel argued vigorously for its admission.

Fourth, Petitioner said that his lawyer should have argued that a felon in possession law is unconstitutional under the Second Amendment. This was, at the time, a pointless argument and, in light of recent Supreme Court rulings on the Second Amendment, a wrong argument.

Fifth, Thornton attacks counsel for not objecting to the PSR's conclusion that his 1990 burglary conviction qualified as a "violent felony" under the ACCA. In fact, Petitioner's counsel did challenge the burglary conviction's qualification, and the argument was rejected by the Court of Appeals.

The burden of proving ineffective assistance of counsel is high because the standard requires proving more than the fact that counsel might have made better decisions. Petitioner must prove that the decisions were unreasonable, not merely that they turned out badly. *See Strickland v. Washington,* 466 U.S. 668 (1984). Petitioner's § 2255 petition is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: November 18, 2008